Theodore Velsor, J.
This is a proceeding under CPLR article 78 by a bidder at a Sheriff’s sale of real property under execution seeking a judgment against the Sheriff of Nassau County directing him to accept petitioner’s bid and to deliver a Sheriff’s deed.
The answer is not verified, and for that reason alone should be stricken. Moreover the supporting affirmation is made by a Deputy County Attorney, not by a person having knowledge of the facts, and this too is of no probative value. However, aside and apart from these defects, the merits of the application require consideration.
Petitioner is a judgment creditor of one Andrew Cerniglia in the amount of $4,386.89. On January 4,1969 petitioner issued execution thereon to the respondent directing him to levy upon Cerniglia’s interest in the subject real property.
The sale was duly advertised and held. At the opening of the bidding the Deputy conducting the sale announced he would accept bids only in multiples of $25. Petitioner thereupon bid $25. The Deputy rejected this bid and announced that the minimum acceptable bid would be $174.43, the costs of the sale. Petitioner thereupon bid $174.43. Although five other persons were present no other bid was made and the bidding was closed. Shortly thereafter the Deputy stated he was not honoring the bid and was returning the execution unsatisfied on the ground that in his opinion the bid was insufficient.
The Deputy County Attorney’s affidavit claims five persons attended the sale and that a condition of the sale was that the bids would be subject to the approval of the Sheriff, and that the Deputy deemed the initial and only bid ‘ ‘ too low ’ ’.
The judgment debtor did not appear either at the sale or upon this motion. No information concerning the type, location, use *644 or value of the property has been furnished. Moreover the nature and extent of the debtor’s interest in this property has not been disclosed either by the debtor or by respondent.
The question squarely presented is whether the Sheriff had unfettered discretion to reject petitioner’s bid and return the execution unsatisfied.
An execution is a mandate of the court (Adolph Gobel, Inc., v. Weil, 263 App. Div. 817; Ballay & Co. v. Nelson Line, 106 N. Y. S. 2d 551). It is directed to the Sheriff, authorizing a sale.
The statute mandates judicial sales at public auction unless the sale is postponed by the Sheriff. His discretion is limited to postponement and to determining the units or parcels which in his judgment will bring the best price (CPLR 5236, subd. [a]).
1 ‘ The Sheriff should exercise his power to delay a sale only when it is necessary to insure receipt of a fair price. Postponement would be proper if the sale is poorly attended or the bidding is unreasonably low [and] * * * the sale should be conducted in an environment that is calculated to bring the highest possible price ” (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5236.07, 5236.08).
While it appears that some courts have permitted a Sheriff to refuse to accept a bid if it is inadequate (see 110 A. L. R. 1077; cf. McDonald v. Neilson, 2 Cow. 139), no authority has been found giving a Sheriff the arbitrary powers respondent claims. Inadequacy is of course relative, dependent upon extraneous factors, namely the monetary value and nature of the equity or interest involved. Rejection of a bid and postponement of the sale should therefore be based upon something more than mere conjecture or surmise, yet that is exactly the reason set forth in the opposing papers: “ The Deputy Sheriff conducting the sale felt that, since there were no other executions involved, there remained the possibility that the equity of the judgment debtor was considerably more than the amount bid. ’ ’
Under the circumstances in this case, where no person has come forward to show the factual basis for the Sheriff’s determination of inadequacy, such determination' may not stand. Moreover no authority has been furnished, and none has been found, supporting the second act of returning the execution unsatisfied where the highest bid is in fact inadequate.
Accordingly the petition is granted and the Sheriff will be directed to deliver his deed to petitioner upon receipt of the amount of petitioner’s bid.